IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,854-03






EX PARTE GREGORY BANNISTER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 3900 IN THE 154TH DISTRICT COURT


FROM LAMB COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and was sentenced to thirty years' imprisonment. The conviction and sentence were affirmed on
direct appeal. Bannister v. State, No. 07-04-0479-CR (Tex. App. - Amarillo del. Sep. 29, 2006).

 Applicant raises numerous claims in his habeas application. Among his claims, Applicant
asserts he turned down a fifteen-year plea offer based on trial counsel's misadvise that a
lesser-included deadly conduct instruction would be given as an alternative to conviction on the
greater offense of aggravated assault. Trial counsel's request for the lesser-included instruction was
denied.

 The Supreme Court recently held the Sixth Amendment right to effective assistance of
counsel extends to the consideration of plea offers. Missouri v. Frye, No. 10-444, ___ U.S. ___, 132
S.Ct. 1399 (Mar. 21, 2012). Where counsel's deficient advice led to an offer's rejection, and where
the prejudice alleged is having to stand trial, a defendant must show that but for the deficient advice,
there is a reasonable probability that the plea offer would have been presented to the court, that the
court would have accepted its terms, and that the conviction or sentence, or both, under the offer's
terms would have been less severe than under the actual judgment and sentence imposed. LaFler v.
Cooper, No. 10-209, ___ U.S. ___, 132 S.Ct. 1376 (Mar. 21, 2012).

 Applicant contends trial counsel was deficient for telling him an instruction on deadly
conduct, a class A misdemeanor, would be given. See Tex. Penal Code § 22.05(e). He alleges he
suffered harm because he rejected the plea offer on the belief the jury could be swayed to convict on
the misdemeanor charge instead of the felony in this case. Consequently, according to Applicant, he
went to trial, but the instruction was not given.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain from Applicant's trial counsel an affidavit responding to this claim of ineffective
assistance of counsel. In lieu of obtaining this affidavit, the trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id. If the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings regarding what advice counsel gave Applicant concerning
the inclusion of the deadly conduct offense as an alternative to conviction on the offense of
aggravated assault. In doing so, the trial court shall determine whether trial counsel advised
Applicant the instruction would be included as an option for the jury to consider at guilt or innocence
and whether trial counsel failed to adequately advise that the instruction may not be given. After
making these findings, the trial court shall make additional findings regarding: whether counsel's
advice led to the offer's rejection; whether, but for the advice, there is a reasonable probability the
plea offer would have been presented to the court; whether the court would have accepted its terms;
and whether the conviction or sentence, or both, under the plea offer's terms would have been less
severe than under the actual judgment and sentence imposed. See LaFler v. Cooper, 132 S.Ct. 1376.
The trial court shall finally make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court may also make any other findings of fact it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: May 2, 2012

Do not publish